MAXIMILIANO D. COUVILLIER III, ESQ.
Nevada Bar No.: 7661
KEVIN L. HERNANDEZ, ESQ.
Nevada Bar No.: 12594
**BLACK & LOBELLO**
10777 West Twain Avenue, Third Floor
Las Vegas, Nevada 89135
Telephone:  (702) 869-8801
Facsimile:  (702) 869-2669
mcouvillier@blacklobellolaw.com
khernandez@blacklobellolaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LYNELLE HERNANDEZ, an individual; JOSE HERNANDEZ, an individual;<br><br>    Plaintiffs,<br><br>v.<br><br>AFNI, INC., a foreign corporation; ASSET MANAGEMENT PROFESSIONALS, LLC, a foreign limited liability company; ASSET RECOVERY SOLUTIONS, LLC, a foreign limited liability company; PORTFOLIO RECOVERY ASSOCIATES, LLC, a foreign limited liability company; NAVIENT SOLUTIONS, INC., a foreign corporation, Successor in Interest to SALLIE MAE, INC., a foreign corporation; WORLDWIDE ASSET RECOVERIES, LLC, a domestic limited liability company;<br><br>    Defendants. | Case No.:<br><br><br><br>**COMPLAINT** |

*Black & LoBello*
*10777 W. Twain Avenue, 3rd Floor*
*Las Vegas, Nevada 89135*
*(702) 869-8801 FAX: (702) 869-2669*

Plaintiffs, Lynelle Hernandez and Jose Hernandez ("Plaintiffs"), by and through their attorneys of record, Maximiliano D. Couvillier III, Esq. and Kevin L. Hernandez, Esq. of the law firm of Black & LoBello, and for their claims for relief against Defendants, Afni, Inc., Asset Management Professionals, LLC, Asset Recovery Solutions, LLC, Portfolio Recovery Associates, LLC, Navient Solutions, Inc., Sallie Mae, Inc., and Worldwide Asset Recoveries, LLC (collectively referred to as "Defendants"), complain and allege as follows:

**JURISDICTION AND VENUE**

1.      This action arises under Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA").

2.      This action further arises out of Defendants' knowingly, willfully and/or negligently placing numerous automated calls to Plaintiffs' phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA").

3.      The Court has jurisdiction pursuant to 47 U.S.C. § 227(g)(2), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

4.      Pursuant to 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiffs and Defendants reside and/or do business in the District of Nevada.  Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

5.      Plaintiffs are adult individuals who reside in the State of Nevada.

6.      Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

7.      On information and belief, Defendant Afni, Inc. is a foreign corporation conducting business in the State of Nevada, whose principal purpose is the collection of debts.

8.      On information and belief, Defendant Asset Management Professionals, LLC is a foreign limited liability company conducting business in the State of Nevada, whose principal purpose is the collection of debts.

9.      On information and belief, Defendant Asset Recovery Solutions, LLC is a foreign limited liability company conducting business in the State of Nevada, whose principal purpose is the collection of debts.

10.     On information and belief, Defendant Portfolio Recovery Associates, LLC is a foreign limited liability company conducting business in the State of Nevada, whose principal purpose is the collection of debts.

11.     On information and belief, Defendant Sallie Mae, Inc. is a foreign corporation conducting business in the State of Nevada, whose principal purpose is the collection of debts.

Black & LoBello
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

12.     On information and belief, Defendant Navient Solutions, Inc. is the successor-in-interest of Sallie Mae, Inc., and is a foreign corporation conducting business in the State of Nevada, whose principal purpose is the collection of debts.

13.     On information and belief, Defendant Worldwide Asset Recoveries, LLC is a domestic limited liability company conducting business in the State of Nevada, whose principal purpose is the collection of debts.

## **FACTUAL ALLEGATIONS**

14.     Plaintiffs reincorporate by reference all preceding paragraphs as if fully set forth herein.

15.     Defendants have engaged in a campaign of ongoing harassing phone calls to Plaintiffs, seeking recovery for debts Plaintiffs do not owe.

16.     Without prior express consent, Defendants initiated unauthorized calls to Plaintiffs, sometimes multiple times in one day, causing Plaintiffs severe emotional distress and anguish.

17.     Plaintiffs repeatedly informed Defendants that Plaintiffs do not owe the alleged debts, and demanded that Defendants cease and desist all contact and immediately and permanently remove Plaintiffs from their call list.

18.     Despite Plaintiffs repeated demands to cease and desist, Defendants continue to illegally contact Plaintiffs in a harassing and abusive manner.

19.     The acts and omissions of Defendants, and other persons or entities employed as agents by Defendants, were committed within the time and space limits of their agency relationship with their principal.

20.     The acts and omissions by Defendants and their agents alleged here were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by Defendants.

21.     By committing these acts and omissions against Plaintiffs, Defendants and their agents were motivated to benefit their principal.

Black & LoBello
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

Black & LoBello
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

22.     Defendants are therefore liable to Plaintiffs through the doctrine of Respondeat Superior for the intentional and/or negligent acts, errors, and omissions performed in violation of state and federal law by its employees, including but not limited to violations of the FDCPA and TCPA.

23.     On information and belief, there exists substantial continuity of business operations and work force between Defendant Sallie Mae, Inc. and Navient Solutions, Inc.

24.     On information and belief, Defendant Navient Solutions, Inc. received notice of its predecessor's legal obligations as referenced herein, and either expressly or impliedly assumed the subject liability.

25.     On information and belief, Defendant Sallie Mae, Inc. is unable to provide adequate relief directly.

26.     Defendant Navient Solutions, Inc. is therefore liable as successor-in-interest for all acts and omissions committed by Defendant Sallie Mae, Inc. as referenced herein.

**FIRST CLAIM FOR RELIEF**

**[Violations of the FDCPA; 15 U.S.C. § 1692, et. seq. – All Defendants]**

27.     Plaintiffs reincorporate by reference all preceding paragraphs as if fully set forth herein.

28.     Plaintiffs are "consumers" as defined under the FDCPA at 15 U.S.C. §1692a(3).

29.     Defendants each claim Plaintiffs owe consumer debts as defined by 15 U.S.C. § 1692a(5) and NRS §649.010.

30.     On information and belief, Defendants regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another and that they are each "debt collectors" as defined by 15 U.S.C. §1692a(6).

31.     Defendants each wrongfully named Plaintiffs as persons that incurred financial obligations (the "Debts"), when in fact Plaintiffs do not owe the Debts, and did not incur the Debts.

32.     The Debts were allegedly incurred as a result of services provided by creditors that were primarily for family, personal or household purposes, and which meet the definition of a "debt" under 15 U.S.C §1692a(5).

33.     The Debts were purchased, assigned, or transferred to Defendants for collection after the Debts were allegedly in a default status with the original creditor or creditors.

34.     Defendants each attempted to collect the Debts and, as such, engaged in "communications" as defined in 15 U.S.C. §1692a(2).

35.     Defendants have each engaged in a campaign of harassment and abuse in repeated, unlawful attempts to collect the alleged Debts upon Plaintiffs.

36.     Defendants initiated automated calls to Plaintiffs on numerous occasions without prior express consent.

37.     Defendants initiated unauthorized calls to Plaintiffs, in which Defendants did not identify themselves as debt collectors.

38.     During the telephone communications with Plaintiffs, Defendants asserted that Plaintiffs owe debts they do not owe.

39.     In their communications with Plaintiffs, Defendants misrepresented that the amounts allegedly owed were the debts of Plaintiffs, when in fact, they were not.

40.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior to harass, oppress, and abuse Plaintiffs in connection with the collection of the alleged Debts.

41.     Defendants' conduct violated 15 U.S.C. § 1692d(6) in that each placed calls to Plaintiffs without disclosing their identity in connection with the collection of the alleged Debts.

42.     Defendants' conduct violated 15 U.S.C. § 1692e in that each engaged in false, deceptive, and/or misleading behavior in connection with the collection of the Debts by threatening to take legal action against Plaintiffs that Defendants could not legally carry out.

43.     Defendants' conduct violated 15 U.S.C. § 1692e(10) in that they each employed various false representations and deceptive means to collect the alleged Debts.

Black & LoBello
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

44.     Defendants' conduct violated 15 U.S.C. § 1692e(11) in that their communications with Plaintiffs failed to include a "mini-Miranda" warning, "This is an attempt to collect a debt" and/or that the "communication is from a debt collector."

45.     Defendants' conduct violated 15 U.S.C. § 1692f in that each used unfair and unconscionable means to attempt to collect the alleged Debts, and in doing so humiliated and belittled Plaintiffs.

46.     The foregoing acts and omissions constitute multiple intentional, reckless, and/or negligent violations of the FDCPA, including every one of the above-cited provisions.

47.     As a result of the above-referenced violations, Plaintiffs are entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

48.     Plaintiffs have been forced to retain the undersigned counsel to pursue these claims and protect their legal rights, and are therefore entitled to recover reasonable attorneys' fees plus costs incurred.

49.     Plaintiffs may have suffered damages in other ways and to other extents not presently known to Plaintiffs, and not specified herein.  Plaintiffs reserve the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

### [Violations of the Telephone Consumer Protection Act of 1991; 47 U.S.C. § 227, et. seq. – All Defendants]

50.     Plaintiffs reincorporate by reference all preceding paragraphs as if fully set forth herein.

51.     The TCPA regulates, among other things, the use of automatic telephone dialing systems.

52.     47 U.S.C. §227(a)(1) defines an automatic telephone dialing system ("ATD**S**") as equipment having the capacity –

(A) to store or produce telephone numbers to be called, using a
random or sequential number generator; and

Black & LoBello
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801  FAX: (702) 869-2669

(B) to dial such numbers.

53.     Specifically, 47 U.S.C. §227(1)(A)(iii) prohibits any call using ATDS or an artificial or prerecorded voice to a telephone without prior express consent by the person being called, unless the call is for emergency purposes.

54.     On information and belief, Defendants each employ an ATDS which meets the definition set forth in 47 U.S.C. §227(a)(1).

55.     On numerous occasions, Defendants initiated unauthorized ATDS calls to Plaintiffs using an "artificial or prerecorded voice" as defined by 47 U.S.C. §227(b)(1)(A).

56.     Plaintiffs never provided any of the Defendants with prior express consent to initiate automated or prerecorded calls to Plaintiffs.

57.     Defendants' unauthorized calls to Plaintiffs were not for "emergency purposes."

58.     Defendants either willfully or negligently initiated multiple automated or prerecorded calls to Plaintiffs.

59.     Each of the aforementioned calls by Defendants constitutes a separate violation of the TCPA.

60.     As a result of Defendants' negligent and/or willful violations of the TCPA, Plaintiffs are entitled to an award of $500.00 statutory damages, or treble damages up to $1,500.00 statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

61.     Additionally, Plaintiffs are entitled to injunctive relief prohibiting such conduct by Defendants in the future.

**WHEREFORE,** Plaintiffs pray for relief as follows:

1.     For an award reimbursing Plaintiffs for reasonable attorneys' fees, costs, and interest incurred;

2.     For an award of actual damages including, but not limited to, the emotional distress Plaintiffs have suffered (and continue to suffer) as a result of the intentional, reckless and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

Black & LoBello
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2659

3.   For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4.   Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

5.   Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

6.   For injunctive relief;

7.   For punitive damages; and

8.   For such other further relief as the Court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

DATED this 12th day of January, 2015.

**BLACK & LOBELLO**

*/s/ Kevin L. Hernandez*
MAXIMILIANO D. COUVILLIER III, ESQ.
Nevada Bar No.: 7661
KEVIN L. HERNANDEZ, ESQ.
Nevada Bar No. 12594
10777 West Twain Avenue, Third Floor
Las Vegas, Nevada  89135
Telephone:  (702) 869-8801
Facsimile:  (702) 869-2669
mcouvillier@blacklobellolaw.com
khernandez@blacklobellolaw.com
***Attorneys for Plaintiff***

Black & LoBello
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669