1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LYNELLE HERNANDEZ, et al., ) | Case No. 2:15-cv-00078-LDG-NJK |
| Plaintiff(s), ) | |
| vs. ) | ORDER |
| ASNI, INC., et al., ) | (Docket No. 46) |
| Defendant(s). ) | |

Pending before the Court is Defendant Portfolio Recovery Associates, LLC's motion to stay proceedings or, in the alternative, to stay discovery.  Docket No. 46.  Plaintiffs filed a response in opposition and Defendant filed a reply.  Docket Nos. 48, 50.  The Court finds the motion properly decided without oral argument. *See* Local Rule 78-2.  For the reasons discussed below, the motion to stay proceedings pending a final decision on the MDL transfer is hereby **GRANTED** and the motion is otherwise **DENIED** as moot.

**I.     BACKGROUND**

This case involves allegations that Defendant violated the Fair Debt Collection Practices Act and Telephone Consumer Protection Act.  On May 22, 2015, the United States Judicial Panel on Multidistrict Litigation ("MDL") issued a conditional transfer order that this case should be transferred to the MDL pending in the Southern District of California.  Docket No. 48-5.  Plaintiffs have filed a motion to vacate the conditional transfer order, and the MDL panel has scheduled a hearing on that motion for July 30, 2015. *See* Docket No. 50-1 at ¶ 2.

## II.      STANDARDS AND ANALYSIS[1]

MDLs are created to centralize litigation in order to eliminate duplicative discovery, prevent inconsistent or repetitive rulings, and conserve the resources of the parties, their counsel, and the judiciary. *Mangani v. Merck & Co.*, 2006 WL 2707459, *1 (D. Nev. Sept. 19, 2006).  Whether to stay proceedings is an issue left to the discretion of the court. *See Landis v. N.A. Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).  In deciding whether to stay proceedings pending resolution of a request to transfer to an MDL, courts generally consider three factors: (1) potential prejudice to the non-movant; (2) hardship and inequity to the movant if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Pate v. Dupey Orthopaedics, Inc.*, 2012 WL 3532780, *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).  "Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998).  That is especially true when the MDL has already issued a conditional transfer order, as any "delay is typically brief and a stay would further the aim of judicial efficiency." *Noland v. Enterprise Holdings, Inc.*, 2010 WL 2555122, *1 (D. Kan. June 22, 2010) (collecting cases).

The Court finds that these considerations militate in favor of staying proceedings pending resolution of the MDL request to transfer.  First, the potential prejudice to Plaintiffs is not significant given that the MDL has already issued a conditional transfer order and the hearing on Plaintiffs' opposition to that order is scheduled for about a month from now. *See, e.g.*, *F.I.M. v. U.S. Dept. of the Interior*, 2015 WL 2165274, *1, 2 (D. Nev. May 7, 2015) (finding prejudice from delay minimal in similar circumstances).  Second, the hardship and inequity to Defendant would be significant, as denying its request to stay proceedings would result in duplicative litigation in multiple courts. *See Pate*, 2012

---

[1] So long as resolution of a motion to stay is not effectively a resolution of the ultimate relief sought, such a motion is considered non-dispositive pursuant to 28 U.S.C. § 636(b)(1)(A). *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259-60 (9th Cir. 2013).  In this instance, resolving the motion to stay is not effectively a resolution of the ultimate relief sought, so the undersigned has the authority to decide the motion.

WL 3532780, at *2  Third, the Court finds that resources would be saved by avoiding the above duplicative litigation.

**III.**   **CONCLUSION**

For the reasons discussed above, the motion to stay proceedings pending a final decision on the MDL transfer is hereby **GRANTED** and the motion is otherwise **DENIED** as moot.  In the event that the MDL panel denies the request to transfer, the parties shall file a proposed discovery plan within 14 days of issuance of such order.[2]

IT IS SO ORDERED.

DATED: June 24, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] This order is without prejudice to Defendant seeking a stay of discovery pending resolution of its motion to dismiss.